PALMIRA BERMÚDEZ LAMUREY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, JOSÉ VILLARES RODRÍGUEZ, JUDGE, Respondent.

No. O-69-154.        Decided July 15, 1969.

*Nilda Soto Bernier* for petitioner. *Norman A. Pardo* for intervener Adalberto Camacho Domínguez.

OPINION AND JUDGMENT OF JUDGE ACTING IN VACATION, MR. JUSTICE SANTANA BECERRA.

Adalberto Camacho Domínguez filed a petition for habeas corpus, civil 69-5460, at the Superior Court, Caguas Part, against petitioner herein, Palmira Bermúdez Lamurey, to deprive her of the custody of the minor Allison Lysette Camacho, begotten during their marriage which was dissolved by a divorce decree. Said decree had granted the custody of the 4-year-old minor to petitioner. The petition for habeas corpus was filed on June 24, 1969, and on the following day, and in order to secure the effectiveness of the judgment, the Caguas Part provided that the minor be placed immediately under the custody of her paternal grandmother. The parties were summoned to appear before the court on July 9, 1969. It is not specified whether that appearance was in relation with the decreed effectiveness of judgment. On July 9, 1969, at the request of the petitioner, order of change of venue to the San Juan Part was entered, order which was challenged by the defendant.

As petitioner alleges under oath in the petition for habeas corpus directed to this Judge, the minor was taken to live at the house of her paternal great-grandparents, whom she did not know, at the ward Quebrada Arenas of Vega Baja, even though she had been placed under the custody of the grandmother and not under the custody of the former. She alleges likewise that she requested the Caguas Part to annul the proceedings, her petition being denied.

■ The petition for habeas corpus having been considered as one for certiorari,[1] on July 11, 1969 we entered the following order:

---

[1] The judge in chambers has power to issue inhibitory writs, writs of certiorari, of mandamus, of quo warranto, and of habeas corpus. Act of March 1, 1902 as amended by Act No. 59 of 1931.

"The petition for Habeas Corpus directed to the Judge Acting in Vacation having been considered as a petition for Certiorari, and in view of Rule 56.2, defendant is granted until July 15, 1969 to show cause why the writ of Certiorari should not be issued, the Order of the Caguas Part of the Superior Court of June 25, 1969 which deprived petitioner summarily of the custody of her 4-year-old daughter Allison Lysette Camacho should not be annulled, and why the court should not be ordered to hold a hearing and hear petitioner about the availability of the provisional remedy requested in the light of the minor's welfare under the circumstances involved."

Defendant has appeared. His arguments having been considered, we are of the opinion that the order of the Caguas Part of June 25, which summarily and without hearing her deprived petitioner of the legal custody which she had over her minor daughter, should be annulled, even though it were as a temporary remedy and to secure the effectiveness of judgment.

Rule 56.1 of the Rules of Civil Procedure in effect grants the court the power to grant temporary remedies and to secure effectiveness of judgment.

But Rule 56.2 which follows it, to which we referred in our Order and as to which defendant has not said anything in his appearance, provides:

"No provisional remedy shall be granted, modified, set aside, nor shall any action be taken thereon *without notice to the adverse party and a hearing,* except as provided in Rules 56.4 and 56.5." (Italics ours.)

The facts of the case at bar did not place it among the exceptions. Even so, see the sense of Rule 56.5.

Our system of dispensing justice is adversative par excellence. The constitutional due process of law, the function of finding the truth, and the fair treatment, are better served thus. The exceptions at law to this general standard should be restrictively interpreted against the exception, so that the requirement of being heard before being submitted to the

judicial rigor is complied with. That is the philosophy of Rule 56.2, as well as that of Rule 57 which does not permit the issuance of a preliminary injunction without a previous hearing, and which subjects a restraining order entered *ex parte* to clear requirements and limitations so that it is the exception and not the rule.

Defendant alleges the fear that the girl, once his petition for habeas corpus is filed, will be taken by her mother to New York City, where both lived. We deem that in aid to its jurisdiction, the court could have ordered the defendant therein and petitioner herein, to keep the girl in Puerto Rico until the incident of the provisional remedy was decided after the parties were heard with respect to deprivation of custody.

To her petition before this Court, petitioner has attached a Police certificate about the record of criminal cases against defendant which are still pending final disposition.

She has alleged that the paternal grandmother, in whose custody the minor was placed, receives psychiatric treatment and is also engaged in a bar business where alcoholic beverages are sold.

We are not judging nor have reached conclusions about such facts. But if they are true, it stresses the need of having heard the parties before making a decision which not only deprived one of them of legal custody, but which placed a minor of tender age under another custody without the court having all the necessary elements of judgment to ascertain that that other custody was proper and adequate for the minor's interest.

The writ of certiorari is issued and the order of the Caguas Part of June 25, 1965 concerning custody is set aside. It is hereby ordered, in reinstatement of the former legal status quo, that the minor be immediately placed under the custody of the mother. The Marshal of this Court will see that this order is complied with.

The foregoing is without prejudice, that, observing the proper proceeding, the Superior Court, be it the Caguas Part or the San Juan Part, may entertain a provisional remedy about the minor's custody, and without prejudice that it may take the necessary measures which it may deem appropriate to protect its jurisdiction as to the persons involved in the action before it.

It was so ordered as witnesses the signature of

(s) CARLOS SANTANA BECERRA
*Judge Acting in Vacation*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*